UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHELLE BAKER, KEOKEOA BURTON, ANGEL DUNBAR, DORRIS FREEMAN, ZENA HARDY, GEORGE SCOTT, MARGARET SCOTT ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-1429 |
| BROWN'S DAIRY AKA BROWN DAIRY PROPERTIES, INC., AKA SUIZA FOODS AKA DEAN FOODS COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter and Insufficiency of Service of Process.  For the reasons that follow, the defendant's motion is GRANTED.

**Background**

In 2004, a ventilation pipe on the roof of a Brown's Dairy facility released anhydrous ammonia vapor into the air for a period of some five minutes. A class action ensued on behalf of all those in the vicinity of the dairy who were allegedly harmed by the chemical release.

The defendant now moves to dismiss the complaint.

I.

A motion brought under Federal Rule of Civil Procedure 12(b)(4) seeks dismissal for "insufficiency of process." Rule 4(h) explains that process may be served upon corporations "by

1

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

A motion brought under Federal Rule of Civil Procedure 12(b)(1) seeks dismissal for "lack of jurisdiction over the subject matter." 28 U.S.C. § 1332(a) grants federal courts jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." The statute demands complete diversity. See Corfield v. Dalla Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

However, Congress recently enacted the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Transforming state issues to federal ones, CAFA now gives federal courts jurisdiction over class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant" as opposed to complete diversity.

Two procedural issues are quickly disposed of: Plaintiffs state that they properly served process on the defendant's registered agent, in accordance with Rule 4(h), shortly before the defendant filed the motion to dismiss. The defendant does not contest this. Therefore, the Court finds that there has been sufficient service of process. The defendant contends that plaintiffs failed to include in the complaint the fact that the defendant is a foreign corporation or that its principal place of

business is outside Louisiana, and so cannot establish diversity jurisdiction. In their amended complaint, plaintiffs identify the defendant as a Delaware corporation with a principal place of business in Texas. The amended complaint therefore corrects the shortcomings that the defendant asserts.

II.

The only substantive issue in dispute is whether the amount in controversy must exceed $5 million, as required by CAFA, or $75,000, as required by § 1332(a). The Court finds that, regardless of whether CAFA or § 1332(a) applies, plaintiffs cannot meet the jurisdictional amount requirement.

Plaintiffs maintain that CAFA, and its $5 million jurisdictional hurdle, applies only to class actions that do not meet the complete diversity requirement of § 1332(a). Plaintiffs reason that CAFA expands federal jurisdiction in <u>partial</u> diversity cases while maintaining the traditional statutory federal jurisdiction already provided by § 1332(a). Plaintiffs conclude their thesis by remarking that cases similar to theirs have resulted in awards up to $10,000 per person, making the aggregate value of the class action at least $600,000. Defendants would have the Court rule that CAFA's $5 million jurisdictional hurdle is supposed to apply to all class actions, regardless of whether complete diversity exists, thus trumping § 1332(a).

CAFA is relatively new legislation, having been enacted

earlier this year. Few cases provide guidance on its reach, and none on this particular issue. Plaintiffs and defendant both provide detailed point-counterpoint about whether CAFA should apply to this lawsuit, invoking legislative history and public remarks. However, the Court finds it unnecessary to reach those issues because even if CAFA does not apply to this dispute, the jurisdictional demands of § 1332(a) are not met and this Court lacks jurisdiction.

It is well-settled that, before the enactment of CAFA, individual claims in class actions could not be aggregated to satisfy the amount in controversy requirement of § 1332(a). See Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2615 (2005) (holding that "at least one named plaintiff" must satisfy the amount-in-controversy requirement for courts to exercise jurisdiction over other members of the class); Garcia v. Koch Oil Co. of Tex. Inc., 351 F.3d 636, 639 (5th Cir. 2003) ("[T]he defendants may not aggregate the claims of different plaintiffs in order to satisfy the $75,000 jurisdictional amount in this putative class action."); Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 873 (5th Cir. 2002) (noting that in order to exercise jurisdiction over a class, a federal court must have "jurisdiction over at least one member of the class by virtue of (1) diversity of citizenship and (2) a sufficient jurisdictional amount"). Plaintiffs seem convinced that CAFA's $5 million requirement does not apply to

them, but also seem to be arguing that CAFA's aggregation clause nevertheless saves them.

It may or may not be correct to say that the class action jurisdiction of § 1332(a) has survived CAFA. If it has not, plaintiffs simply do not meet CAFA's $5 million requirement. If it has survived, plaintiffs do not satisfy the requirements of § 1332(a). They admit that their claims are, at the most, worth $10,000 each. This is obviously well below the $75,000 amount in controversy requirement.

Even aggregating attorneys' fees to the claims, as plaintiffs at the last minute urge, does not confer jurisdiction on this Court. Under Louisiana law, attorneys' fees are allocated among the named plaintiffs. See In re Abbott Labs., 51 F.3d 524, 526-27 (5th Cir. 1995); Pendleton v. Parke-Davis, No. CIV. A. 00-2736, 2000 WL 1808500, at *1 (E.D. La. Dec. 7, 2000). Plaintiffs, during argument, speculated that attorneys' fees could amount to $200,000. But there are seven named plaintiffs. Allocating the attorneys' fees among them allows each plaintiff to recover almost $29,000. Even if plaintiffs' claims before the addition of attorneys' fees were $10,000 each,[1] $39,000 remains well below the jurisdictional threshold. Under § 1332(a), the Court cannot exercise jurisdiction over this dispute because it does not have jurisdiction over any of

---

[1] Plaintiffs' own self-imposed maximum recovery per claim.

the plaintiffs' claims.

Clearly, CAFA's aggregation clause does not give comfort to plaintiffs. The clause reads:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

The aggregation of plaintiffs' claims does not exceed the $5 million mark explicitly mentioned. Nor is there any other aggregation clause in § 1332 that would change the way jurisdiction is fulfilled under § 1332(a).[2] See, e.g., Exxon, 125 S. Ct. at 2615; Garcia, 351 F.3d at 639; Grant, 309 F.3d at 873.

Because plaintiffs' aggregate claims do not exceed $5 million, and because their individual claims do not exceed $75,000, no basis for jurisdiction exists, under either CAFA or § 1332(a).

Accordingly, defendant's motion to dismiss for lack of jurisdiction over the subject matter and insufficiency of service of process is GRANTED. The case is hereby dismissed for lack of jurisdiction over the subject matter.

New Orleans, Louisiana, August 17, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Neither side seriously briefed this issue.